UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HERENA SOUTO,
and all others similarly situated
under 29 U.S.C 206(B),

    Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY,
a Florida non-profit corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Herena Souto ("Souto"), sues Defendant, Florida International University ("FIU") and alleges, as follows:

### Nature of Cause

1. This is an action by Plaintiff, on behalf of herself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), for damages pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq., and the Family and Medical Leave Act, to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs; and to redress Defendant's unlawful employment practices and interference with Plaintiff's, valid medical leave under the Family and Medical Leave Act of 1994, 29 U.S.C. § 2601 ("FMLA").

## Parties, Jurisdiction and Venue

2. FIU is a Florida non-profit corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. Souto is *sui juris*, a citizen of the United States, a resident of Miami-Dade County, Florida, and is otherwise subject to the jurisdiction of this Court.

4. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), as Plaintiff's claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

5. This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, as Plaintiff's state law claims arise from the same set of operative facts as its federal claims.

6. This Court has personal jurisdiction over Defendant as FIU continuously and systematically does business within the state of Florida, employed the Plaintiff within the state of Florida, and additionally, all of the claims asserted herein arise out of conduct that occurred in the state of Florida.

7. Venue is proper in this Court as the cause of action accrued in and the parties are located within this judicial district.

## General Allegations

8. At all material times, Defendant FIU was Souto's employer as defined by the FMLA and the FLSA.

9. Plaintiff is an experienced and skillful administrative professional.

### I. Unpaid Overtime

10. Plaintiff worked for FIU, as a Coordinator of Foundation Board Relations ("Coordinator"), from approximately March 16, 2016, through May 21, 2018, for a total of two (2) years prior to her unlawful termination.

11. As a Coordinator, her duties included, coordinating board meetings and other administrative functions related to and in support of the Board of the FIU Foundation. As a part of her duties, Plaintiff was regularly required to work in excess of 40 hours per week.

12. Specifically, she was required to work overtime related to the Foundation's Board meetings, both in planning and attending the meetings.

13. Plaintiff worked approximately 480 hours of uncompensated overtime during her employment at FIU.

14. As a result, Plaintiff suffered damages and is entitled to be compensated for her overtime hours at the federally required time and one half (1.5) of her regular rate.

15. FIU, at all material times is and was a covered employer as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. FIU, at all material times is and was an institution providing higher education and is therefore an enterprise pursuant to the FLSA.

17. On August 31, 2018, Plaintiff sent to Employer, a written pre-suit demand regarding the FLSA violations, and requesting the payment to Plaintiff of said overtime, but Employer failed/refused to do so.

## II.     FMLA Retaliation/Interference

18.     On or about June 22, 2017, Plaintiff requested from her supervisor Christy Martinez ("Martinez"), Assistant Director of Foundation Board Relations at FIU, medical time off (FMLA leave) to undergo a medical procedure, specifically, a biopsy.

19.     On or about June 29, 2017, Plaintiff learned that the biopsy results confirmed that she suffered from breast cancer, a qualifying serious health condition under FMLA, and immediately informed Martinez.

20.     On or about July 18, 2017, Souto requested a sick day from Martinez. Although Martinez approved the request, she informed Souto that Souto's paid one-week vacation scheduled to start on August 1, 2017, which was approved prior to Souto's cancer diagnosis, was under reconsideration since Souto was likely going to request medical leave for cancer treatment.

21.     On or about July 20, 2017, Souto requested medical (FMLA) leave to undergo surgery and additional medical treatment for cancer, a qualifying serious health condition under FMLA.

22.     Souto's FMLA request was validated by her doctor, confirmed and approved by FIU.

**23.**     Souto was on valid and authorized FMLA medical leave from **August 1, 2017 through September 25, 2017.**

24.     On or about June 22, 2017, Ms. Souto requested time off from Ms. Martinez to receive medical treatment, specifically a biopsy.

25.     On June 29, 2017, Ms. Souto received the biopsy results, which were positive for breast cancer. On that same day, Ms. Souto informed Ms. Martinez of her cancer diagnosis and

informed her that she would need to take some time off to attend multiple medical consultations related to her diagnosis.

26. On July 17, 2017, Ms. Martinez assigned Ms. Souto with an unreasonable list of tasks more than 2 pages long) to be completed prior to the start of her FMLA leave, despite knowing that Ms. Souto was scheduled to start her medical leave in approximately six (6) business days, anticipating that she would be unable to complete all of the assigned tasks.

27. On July 18, 2017, as anticipated and discussed with Ms. Martinez, Ms. Souto requested a day off for medical appointments. Ms. Martinez approved the request but informed Ms. Souto that her one-week paid vacation set to begin on July 31, 2017, which was approved prior to June 2017, would be reconsidered since she now needed to take an extended medical leave for her cancer treatment, an act of discrimination and retaliation against Ms. Souto due to her health condition and her need to take medical leave protected by FMLA.

28. On July 20, 2017, Ms. Souto formally applied for medical leave under FMLA with FIU's Human Resources Department, which was approved by Ms. Martinez to begin on August 1, 2017.

29. July 21, 2017, in retaliation for her valid medical leave, Ms. Martinez withdrew her approval of Ms. Souto's one-week paid vacation, allowing her to take only two (2) days before her approved FMLA leave.

30. At some time after July 18, 2017, on or about July 25, 2017, approximately three (3) days prior to the beginning of Ms. Souto's valid FMLA leave, Ms. Martinez demanded that Ms. Souto complete all tasks assigned to her in the list before her medical leave, and although the arbitrary deadline was insufficient to complete such copious amount of work within her regular work hours, Ms. Souto worked extended hours both at the office and from home to fulfill Ms.

Martinez's unreasonable demands for fear of retaliation from Ms. Martinez. The additional stress of working extended hours to meet unreasonable demands of her job at a time when she was preparing for medical treatment caused Ms. Souto's health to suffer, including but not limited to raising her blood pressure.

31. On August 1, 2017, Ms. Souto began her FMLA and on August 2, 2017, Ms. Souto had surgery. Also, as part of her medical treatment for breast cancer, Ms. Souto had to receive radiation treatment about four (4) to six (6) weeks after surgery, which she began on September 28, 2017.

32. Pursuant to her doctor's recommendations, Ms. Souto was released to return to work with certain medical restrictions and a reduced schedule. Although FIU approved her medical leave through September 27, 2017, Ms. Souto could not return to work until September 25, 2017, since the FIU campus was closed due to Hurricane Irma.

33. On September 22, 2017, while still out on valid FMLA leave, Carolyn Jackson, Executive Director of Human Resources for University Advancement, emailed Ms. Souto requiring her to work "extended hours" immediately upon her return. Therefore, Ms. Souto immediately contacted central Human Resources regarding this communication from Ms. Jackson. As a result, Nathan Burandt, Benefits and Wellness Program Manager, immediately advised Ms. Jackson that Ms. Souto would require a reduced schedule based on her medical documentation.

34. Upon her return to work on September 25, 2017, FIU approved a flexible schedule under FMLA of twenty-five (25) hours per week until November 30, 2017 to accommodate Ms. Souto's medical restrictions. Throughout her approved FMLA flexible schedule, while undergoing radiation treatment, Ms. Souto performed her duties within the scope of her reduced schedule and her medical restrictions. Nonetheless, during this period, Ms. Martinez continuously

unlawfully harassed and interfered with Ms. Souto's valid and authorized FMLA and discriminated and retaliated against Ms. Souto for taking such leave, by among other things, failing to accommodate her medical restrictions.

35. On September 28, 2017, when Ms. Souto attended her first radiation appointment, Ms. Martinez demanded that Ms. Souto provide her with medical certification as proof that she in fact attended a medical consultation and received medical treatment, even though Ms. Souto had already complied with all the medical certifications required for her valid FMLA flexible schedule.

36. On November 1, 2017, before the end of the valid FMLA flexible schedule, Ms. Martinez met with Ms. Souto to complain that Ms. Souto was not fulfilling all the demands of her official job description, failing/refusing to consider the valid FMLA accommodations (which had been approved) and were necessary to accommodate Ms. Souto's health condition. Instead, she expected for Ms. Souto to perform her job description at full capacity without any regard to the authorized accommodations under the FMLA reduced schedule.

37. Due to some medical complications and side effects of the radiation treatment, Ms. Souto required an extension of her FMLA flexible schedule, which FIU later approved until December 14, 2017. However, at the end of this FMLA period, Ms. Souto continued to have medical restrictions and continued to need a reduced schedule, so FIU requested that Ms. Souto file for intermittent leave under FMLA. On or about December 13, 2017, FIU approved Ms. Souto's intermittent leave until June 30, 2018. During this period, Ms. Martinez continued to discriminate and interfere with Ms. Souto's FMLA.

38. On December 13, 2017, prior to the expiration of Ms. Souto's approved FMLA flexible schedule and on the same day that Ms. Souto's FMLA intermittent leave was approved,

Ms. Martinez met with Ms. Souto to reiterate Ms. Souto's failure to perform up to the expectations of her job description in disregard of her continued medical restrictions and intermittent leave.

39. On January 12, 2018, in anticipation of board meetings scheduled for January 26 – 27, 2018, Ms. Martinez asked Ms. Souto to discuss with her physicians the possibility of lifting her medical restrictions and obtaining clearance to work additional hours, in order to meet the needs of the upcoming events, and requested that Ms. Souto work on a Saturday to meet the demands of her position. Ms. Souto was confused and afraid to lose her job but also wanted to comply with her medical restrictions pursuant to her valid FMLA intermittent leave. Therefore, she again called central HR, and they advised her to contact the office of EOPD. When contacted by the EOPD, Ms. Souto complained to Shirlyon McWhorter, Director of EOPD, regarding her Supervisor's, Ms. Martinez, continued interference with her valid FMLA intermittent leave.

40. On February 7, 2018, Ms. Martinez continued her pattern of retaliation, harassment and unjustified interference with Ms. Souto's valid FMLA schedule, by placing her on a Performance Action Plan for failure to meet the requirements of her position (despite Ms. Souto's valid FMLA reduced schedule due to her medical restrictions).

41. On May 21, 2018, while still under valid FMLA leave, Ms. Martinez unlawfully and wrongfully terminated Ms. Souto from her employment at FIU in violation of the both state and federal laws.

42. All conditions precedent to the filing of this action have occurred, been waived, or otherwise been satisfied.

## COUNT I – INTEFERENCE UNDER FMLA

43. Plaintiff re-alleges and incorporates paragraphs one (1) through (42) above.

44. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and interference with Plaintiff's, valid medical leave under the Family and Medical Leave Act of 1994, 29 U.S.C. § 2601 ("FMLA").

45. Defendant is an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

46. Plaintiff was an employee as defined by the FMLA and entitled to benefits therein. 29 U.S.C. § 2611(2).

47. Defendant unlawfully prevented her from obtaining those benefits.

48. Defendant interfered with Plaintiff's FMLA benefits by providing her with tasks/assignments which it knew were impossible to meet prior to the start of her valid FMLA leave, effectively denying Plaintiff her right to said benefits.

49. As a direct and proximate cause of result of Defendant's actions, Plaintiff has been damaged and is entitled to be compensated for her losses.

**COUNT II – DISCRIMINATION/RETALIATION
IN VIOLATION OF THE FMLA**

50. Plaintiff re-alleges and incorporates paragraphs one (1) through (42) above.

51. This is an action against Defendant for discrimination/retaliation in violation of the Family and Medical Leave Act ("FMLA").

52. Defendant is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

53. Plaintiff is an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2).

54. Plaintiff invoked her right to FMLA benefits.

55. As a result of his lawful request for FMLA benefits, Plaintiff was unlawfully terminated by Defendants.

56. As a result of Defendants unlawful discrimination/retaliation, Plaintiff has incurred, and is now incurring, a loss of wages within the meaning of the FMLA, 29 U.S.C. § 2617(a) for which he is entitled to be compensated.

### COUNT III—VIOLATIONS OF FLSA OVERTIME PROVISIONS

57. Plaintiff realleges paragraphs one (1) through (42) above

58. This is an action against FIU for overtime compensation pursuant to 29 U.S.C. § 216(B).

59. Upon information and belief, FIU has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

60. Plaintiff routinely worked in excess of forty (40) hours per week for FIU.

61. Specifically, Plaintiff estimates she worked for FIU approximately six hundred ninety (690) hours of overtime during the relevant time period for which she was not compensated.

62. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.  Notwithstanding, FIU failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

63. FIU knew or should have known that Plaintiff suffered or was permitted to work overtime for FIU as defined in 29 U.S.C. § 203(g).

64. At all material times, FIU knew or should have known that such refusal and/or failure is prohibited by the FLSA.

65. Notwithstanding, FIU intentionally and willfully violated the FLSA, as cited herein.

66. At all material times, FIU failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

67. Further, FIU failed/refused to post, as required by the FLSA and federal law to inform its employees of their federal rights to overtime and/or minimum wages.

68. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## **DEMAND FOR JURY TRIAL**

69. Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Herena Souto, respectfully requests that judgment be entered in her favor against Defendant, Florida International University, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendant complained of herein are in violation of the overtime wages provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum and overtime wages provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, minimum wages, and overtime wages compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required minimum and overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) awarding to Plaintiff legal and equitable relief including, but not limited to, reinstatement, enjoining Defendant from further retaliation, payment of lost and withheld compensation, back-pay, front pay, compensatory damages, and additional amounts such as liquidated damages, interest, and reasonable attorneys' fees, and granting such other and further relief as the Court deems just and proper.

(g) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 14th day of May 2019.

By: /s/ Monica Espino
Florida Bar No. 834491
ESPINO LAW
Counsel for Plaintiff
2655 S Le Jeune Road, Suite 802
Miami, Florida 33134
Telephone: (305) 704-3172
Facsimile: (305) 722-7378
E-mail: me@espino-law.com
Secondary: legal@espino-law.com